SLR:LDM:MDH
2013V01575

**13 M 0593**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re the Seizure of:

ANY AND ALL FUNDS ON DEPOSIT IN TD BANK, NA ACCOUNT NUMBER 7928417596 HELD IN THE NAME OF AMERICANA TICKETS NY, LLC UP TO AND INCLUDING THE SUM OF FOUR HUNDRED SEVENTY-SIX THOUSAND DOLLARS AND NO CENTS ($476,000.00) IN UNITED STATES CURRENCY, AND ALL PROCEEDS TRACEABLE THERETO.

AFFIDAVIT OF RAIZEL MOSKOWITZ IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

----------------------------------------------------------------X

EASTERN DISTRICT OF NEW YORK, SS:

RAIZEL MOSKOWITZ, being duly sworn, deposes and states as follows:

1. I am a Special Agent with the Department of Treasury, Internal Revenue Service, Criminal Investigation ("IRS-CI") in the New York Field Office. I began my law enforcement career as a Special Agent with IRS-CI in June 2009. Since that time, I have participated in the investigation of violations of the Internal Revenue Laws (codified in Title 26, United States Code), the Bank Secrecy Act (codified in Title 31, United States Code), the Money Laundering Control Act (codified in Title 18, United States Code) and related offenses.

2. This affidavit is made in support of an application for a seizure warrant for any and all funds on deposit in TD Bank, NA account number 7928417596 held in the name of Americana Tickets NY, LLC (the "Subject Account"), up to and including the sum of $476,000.00 in United States currency, and all proceeds traceable thereto. TD Bank, NA maintains branch locations within the Eastern District of New York which, among other

functions, accept seizure warrants and other legal process directed to accounts held at TD Bank, NA.

3. The facts and information in this affidavit are based upon my personal knowledge, the observations of other law enforcement personnel involved in this investigation, and the review of bank records.

4. Because this affidavit is submitted solely for the purpose of obtaining a warrant to seize certain funds on deposit in the Subject Account as set forth below, it does not include each and every fact and matter observed by me or known to the government. Rather, I have set forth only those facts that I believe are necessary to establish probable cause for the seizure warrant sought herein.

## STATUTORY AND REGULATORY FRAMEWORK

5. Pursuant to 31 U.S.C. § 5313(a) and its related regulations, when a domestic financial institution, including banks, is involved in a transaction for the payment, receipt, or transfer of U.S. currency in an amount greater than $10,000.00, the institution shall file a currency transaction report ("CTR") for each cash transaction, such as, by way of example, a deposit, withdrawal, exchange of currency or other payment or transfer by, through or to a financial institution. CTRs are filed with the Financial Crimes Enforcement Network ("FinCEN") on forms that require disclosure of, among other information, the identity of the individual who conducted the transaction and the individual or organization for whom the transaction was completed. These regulations also require that multiple transactions be treated as a single transaction if the financial institution has knowledge that they are conducted by, or on behalf of, the same person and they result in currency either received or disbursed by the financial institution totaling more than $10,000.00 during any single business day.

6. Based on my training and experience, many individuals involved in illegal activities, such as narcotics trafficking, tax evasion and money laundering are aware of the reporting requirements and take active steps to cause financial institutions to fail to file CTRs in order to avoid detection of the movement of large amounts of cash. These active steps are often referred to as "structuring" and involve making multiple cash deposits or withdrawals in amounts less than $10,000.01 on the same day or consecutive days in order to avoid the filing of CTRs. Structuring is prohibited by 31 U.S.C. § 5324(a)(3).

7. Pursuant to 31 U.S.C. § 5324, it is a crime for an individual to cause or attempt to cause a domestic financial institution to fail to file a CTR or to structure or assist in structuring any transaction for the purpose of evading the reporting requirements of 31 U.S.C. § 5313(a).

8. Further, 31 U.S.C. § 5317(c) provides for the forfeiture of any property involved in a violation of 31 U.S.C. § 5324, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy.

9. In any forfeiture action in which the subject property is cash deposited into a bank account, the government is not required to identify the particular funds involved in the offense. Any funds found in the same account within one year of the date of the offense are subject to forfeiture pursuant to 18 U.S.C. § 984.

## INVESTIGATORY BACKGROUND

10. Americana Tickets NY, LLC ("Americana Tickets") is a licensed ticket reseller in the State of New York which sells tickets to the theater, concerts, and sports events. It is located at 1535 Broadway, 3rd Floor, New York, New York 10036. Americana Tickets was incorporated in New York State on June 11, 2003 as a Domestic Limited Liability Corporation.

11. Americana Tickets has maintained a banking relationship with TD Bank since in or around June 2003. The Subject Account was opened at TD Bank on or about November 17,

2008. According to bank and public records, Jonathan Radler is the president of Americana Tickets and Jocelyne Rojas is the controller, both of whom have signatory authority over the Subject Account.

12. Based on the government's investigation, as detailed below, the Subject Account has been involved in structuring activity aggregating to approximately $476,000.00 during the period from in or around July 2012 through in or around January 2013.

## STRUCTURING ACTIVITY

13. Bank records obtained during the course of the investigation demonstrate that from on or about July 16, 2012 through on or about January 8, 2013, there were roughly fifty-eight (58) structured cash deposits made into the Subject Account totaling approximately $476,000.00.

14. As reflected on the chart below, many of the deposits were made on either the same or consecutive days and were in amounts less than $10,000.01, the threshold amount that would have triggered the filing of a CTR. While none of the cash deposits during this period of time were in excess of $10,000.00, there were a number of instances where multiple deposits were made on the same business day. Those deposits, highlighted in bold on the chart below, triggered the filing of "multiple transaction" CTRs by TD Bank.[1]

15. The chart below sets forth the date, day, and amount of each of the roughly 58 structured cash deposits totaling approximately $476,000.00.

| DATE | DAY OF WEEK | AMOUNT |
|---|---|---|
| July 16, 2012 | Monday | $9,000.00 |
| July 17, 2012 | Tuesday | $7,000.00 |
| July 19, 2012 | Thursday | $9,000.00 |

---

[1] A "multiple transaction" CTR is typically filed by the financial institution without the customer's knowledge when the customer conducts more than one cash deposit or withdrawal transaction on the same day and the aggregate of such deposits or withdrawals exceeds the sum of $10,000.00.

4

| DATE | DAY OF WEEK | AMOUNT |
|---|---|---|
| **July 30, 2012** | **Monday** | **$9,000.00** |
| **July 30, 2012** | **Monday** | **$9,000.00** |
| | | |
| August 6, 2012 | Monday | $9,000.00 |
| August 8, 2012 | Wednesday | $9,000.00 |
| August 10, 2012 | Friday | $9,000.00 |
| | | |
| August 13, 2012 | Monday | $9,000.00 |
| August 15, 2012 | Wednesday | $9,000.00 |
| August 17, 2012 | Friday | $9,000.00 |
| | | |
| August 20, 2012 | Monday | $9,000.00 |
| August 22, 2012 | Wednesday | $9,000.00 |
| August 23, 2012 | Thursday | $9,000.00 |
| | | |
| August 27, 2012 | Monday | $9,000.00 |
| August 29, 2012 | Wednesday | $9,000.00 |
| August 31, 2012 | Friday | $9,000.00 |
| | | |
| October 9, 2012 | Tuesday | $9,000.00 |
| **October 10, 2012** | **Wednesday** | **$9,000.00** |
| **October 10, 2012** | **Wednesday** | **$9,000.00** |
| October 11, 2012 | Thursday | $6,000.00 |
| | | |
| October 16, 2012 | Tuesday | $9,000.00 |
| **October 17, 2012** | **Wednesday** | **$9,000.00** |
| **October 17, 2012** | **Wednesday** | **$9,000.00** |
| | | |
| **October 19, 2012** | **Friday** | **$9,000.00** |
| **October 19, 2012** | **Friday** | **$9,000.00** |
| | | |
| **October 22, 2012** | **Monday** | **$9,000.00** |
| **October 22, 2012** | **Monday** | **$9,000.00** |
| | | |
| **October 26, 2012** | **Friday** | **$9,000.00** |
| **October 26, 2012** | **Friday** | **$6,000.00** |

| DATE | DAY OF WEEK | AMOUNT |
|---|---|---|
| November 13, 2012 | Tuesday | $9,000.00 |
| November 14, 2012 | Wednesday | $9,000.00 |
| November 16, 2012 | Friday | $9,000.00 |
| | | |
| November 21, 2012 | Wednesday | $6,000.00 |
| | | |
| November 26, 2012 | Monday | $9,000.00 |
| November 27, 2012 | Tuesday | $6,000.00 |
| | | |
| December 3, 2012 | Monday | $9,000.00 |
| December 6, 2012 | Tuesday | $9,000.00 |
| | | |
| December 10, 2012 | Monday | $9,000.00 |
| | | |
| December 14, 2012 | Friday | $9,000.00 |
| | | |
| December 17, 2012 | Monday | $9,000.00 |
| December 18, 2012 | Tuesday | $9,000.00 |
| December 19, 2012 | Wednesday | $9,000.00 |
| December 20, 2012 | Thursday | $9,000.00 |
| | | |
| **December 28, 2012** | **Friday** | **$9,000.00** |
| **December 28, 2012** | **Friday** | **$9,000.00** |
| **December 28, 2012** | **Friday** | **$9,000.00** |
| | | |
| **January 3, 2013** | **Thursday** | **$9,000.00** |
| **January 3, 2013** | **Thursday** | **$9,000.00** |
| January 4, 2013 | Friday | $9,000.00 |
| | | |
| **January 7, 2013** | **Monday** | **$9,000.00** |
| **January 7, 2013** | **Monday** | **$9,000.00** |
| January 8, 2013 | Tuesday | $9,000.00 |
| | | |
| **TOTAL:** | | **$476,000.00** |

16. Based on my training and experience, the pattern of consecutive or same day cash deposits as reflected above, most of which are just below the threshold requiring the filing of a CTR, is consistent with structuring.

6

## **CONCLUSION**

17. Based on the foregoing investigation, there is probable cause to believe the Subject Account was involved in structuring activity in the amount of approximately $476,000.00 from on or about July 16, 2012 through on or about January 8, 2013, in violation of 31 U.S.C. § 5324.

18. As such, there is probable cause to believe that all funds on deposit in the Subject Account, up to and including the sum of $476,000.00, and all proceeds traceable thereto, are subject to forfeiture pursuant to 31 U.S.C. § 5317(c). Accordingly, a warrant is sought for this amount.

19. A restraining order, pursuant to 21 U.S.C. § 853(e), will not suffice to preserve the assets in question given the ease with which funds may move out of the Subject Account via wire transfer, electronic funds transfer, or otherwise.

20. Accordingly, I respectfully request that the Court issue a seizure warrant, pursuant to 21 U.S.C. § 853(f) and 18 U.S.C. § 981(b), authorizing the seizure of any and all funds in the Subject Account, up to and including the amount of $476,000.00.

Dated: Brooklyn, New York
       July 8, 2013

Raizel Moskowitz
Special Agent
Internal Revenue Service

Sworn and subscribed to before me this
8th day of July, 2013.